# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| ROBBINS MOTORSPORTS, L.L.C., | ) |
| and GARY ROBBINS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-10-245-JHP |
| | ) |
| NATIONAL FIRE & MARINE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Defendant National Fire and Marine Insurance Company's Motion to Dismiss the Claims of Plaintiff Gary D. Robbins (Dkt. No. 36). Plaintiffs Gary Robbins and Robbins Motorsports, LLC have filed a Response Brief in opposition (Dkt. No. 37) and Defendant has filed a Reply Brief (Dkt. No. 38).

*Background*

Plaintiffs' Third Amended Complaint arises out of an underlying lawsuit filed on August 24, 2007, against Robbins Motorsports, L.L.C. ("Motorsports") in Oklahoma State District Court in McCurtain County, Oklahoma, Case No. CJ-07-464, entitled *Bronson Freeman and Layla Freeman, Co-Personal Representatives of the Estate of Kelly Freeman, deceased and Cassie McKeever, Personal Representative of the Estate of Tammy Freeman, deceased v. Robbins Motorsports, L.L.C.* (the "Underlying Lawsuit"). The Underlying Lawsuit arose out of a motorcycle accident which the Freemans did not survive.

On September 13, 2007, plaintiffs in the Underlying Lawsuit filed an Amended Petition naming Robbins Motorsports, L.L.C. ("Motorsports") as the sole defendant. Gary Robbins ("Robbins") was not named as a party to that lawsuit either directly, or as an alter ego of Motorsports.

Motorsports made a claim on its policy with National Fire & Marine Insurance Company ("National Fire") requesting defense and indemnity for the Underlying Lawsuit. The Third Amended Complaint does not assert that Robbins made a claim with National Fire.

On May 19, 2010, the jury in the Underlying Lawsuit returned a verdict in favor of the Freemans' Estates in the amount of $6,084,175.11 against Motorsports. Robbins was not a party to the verdict or judgment. The Third Amended Complaint includes allegations on Robbins' behalf for breach of contract, breach of the insurer's duty of good faith and fair dealing, and intentional infliction of emotional distress.

***Standard on Motions to Dismiss***

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to examine the "specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), and *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). While well-pleaded factual allegations are accepted as true, the Supreme Court has stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability and that "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009).

## Robbins' Claims

1.  *Breach of Contract*

Oklahoma's "approach to interpreting insurance policies is unremarkable: The foremost principle is that an insurance policy is a contract." Ellis v. State Farm Fire & Cas. Co., 322 Fed. Appx. 594 (10th Cir. 2009). Thus, an insurance policy's scope of coverage is determined by the policy language:

> Parties to insurance contract[s] are at liberty to contract for insurance to cover such risks as they see fit and are bound by terms of contract and courts will not undertake to rewrite terms thereof. The construction of an insurance policy should be a natural and reasonable one, fairly construed to effectuate its purpose, and viewed in light of common sense so as not to bring about an absurd result.

*Grain Dealers Mut. Ins. Co. v. Farmers Alliance Mut. Ins. Co.*, 298 F.3d 1178, 1183 (10th Cir. 2002) (citing *American Iron & Mach. Works Co. v. Ins. Co. of North America*, 375 P.2d 873, 875 (Okla. 1962)).

Robbins claims that he possesses a claim against National Fire for breach of the insurance policy's liability coverage provisions because he was an additional insured on the insurance policy. The relevant policy provision provides as follows:

1.  **"Garage Operations" – Other Than Covered "Autos"**

    a.  We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damages" to which this insurance applies **. . .**

    We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate.

The Third Amended Complaint does not identity any "suit" brought against Robbins or "sums" Robbins individually "must pay as damages." The plaintiffs in the Underlying Lawsuit did not name Robbins in their Petition (or Amended Petition); the jury did not enter a judgment against Robbins; and the Court did not enter a verdict against Robbins. There was no "suit" against Robbins and there are no "damages" Robbins is legally required to pay due to a verdict, judgment or otherwise.

While the Third Amended Complaint states that Motorsports made an insurance claim to National Fire, there is no corresponding allegation with respect to Robbins. Robbins argues there is a possibility he might be required to pay money as a member of Motorsports; however, he cites no case law to support such a claim or defeat his statutory immunity from liability under Oklahoma law. *See* 18 Okla. Stat. §§ 2004(B), 2022. Likewise, there is no allegation in the Underlying Lawsuit against Robbins on an alter-ego theory of liability. Oklahoma law prohibits enforcement of a judgment against a non-party. *Jackson v. First Nat'l Bank in Ada*, 35 P.2d 446, 447 (Okla. 1934); *Ryland v. Arkansas City Milling Co.*, 92 P. 160, 163 (Okla. 1907).

As the Third-Amended Complaint fails to plausibly allege Robbins (1) made an insurance claim, (2) was a party to the Underlying Lawsuit; or (3) was personally liable for the judgment, Robbins breach of contract claim is dismissed.

### 2. *Breach of the Duty of Good Faith and Fair Dealing*

Robbins bad faith claim fails for the same reasons as his breach of contract claim. Further, "[i]t is well settled that '[t]ort liability arises only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.'" Oldenkamp v. United American Ins. Co., 619 F.3d 1243, 1249 (10th Cir. 2010)(quoting Skinner

4

v. John Deere Ins. Co., 998 P.2d 1219, 1223 (Okla. 2000)). While Oklahoma has recognized bad faith claims where an insurer has low-balled its insured, unreasonably delayed payment, unreasonably refused coverage, failed to properly investigate a claim, or unreasonably short-changed an insured, Robbins has failed to identify any Oklahoma authority which would recognize a cause of action for bad faith where the insured did not file an insurance claim with the insurer. Likewise, Robbins has cited no authority whereby an additional insured to a liability policy possesses a bad faith claim where that person was not a party to the underlying suit. As a result, Robbins' claims for bad faith is dismissed.

3.  *Intentional Infliction of Emotional Distress.*

Robbins' claim for intentional infliction of emotional distress does not meet the "high bar" Oklahoma courts have set for this tort. *Cohlmia v. Ardent Health Servs., LLC*, 448 F. Supp. 2d 1253, 1272 (N.D. Okla. 2006); *see also Meyer v. Conlon*, 162 F.3d 1264, 1275 (10th Cir. 1998) ("[A] plaintiff attempting to prove this claim has a hard row to hoe."). To state a claim for intentional infliction of emotional distress, a plaintiff must allege extremely outrageous conduct and severe emotional distress. *Id.* Oklahoma law requires the Court to act as a gatekeeper with regard to both the outrageousness of the defendant's conduct and the severity of the plaintiff's distress to determine whether the claims are sufficient as a matter of law. *Breeden*, 575 P.2d at 1377; *Cohlmia*, 448 F. Supp. 2d at 1272 ("The trial court bears the initial responsibility of determining whether this standard has been met."); *AG Equip. Co. [& Kurtz] v. AIG Life Ins. Co.*, 2009 WL 233269 * 5 (N.D. Okla. Jan. 30, 2009) (defendant's act of informing an insurance company of possible fraud might be "spiteful" and "vindictive" but it is not actionable).[1]

---

[1]

*See also Mason v. State ex rel. Bd. of Regents of Univ. of Okla.*, 23 P.3d 964, 969-70 (Okla. Civ.

Merely claiming outrageous conduct is insufficient. "In order for the tort of intentional infliction of emotional distress to lie, a plaintiff must allege conduct by the defendant that 'has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Cohlmia*, 448 F. Supp. 2d at 1271-72 (quoting *Breeden v. League Servs. Corp.*, 575 P.2d 1374, 1377-78 (Okla. 1978)).

Likewise, what constitutes severe emotional distress is severely restricted. *Matlock v. Texas Life Ins. Co.*, 404 F. Supp. 2d 1307, 1314 (W.D. Okla. 2005). "Indeed, in *Zeran [v. Diamond Broad., Inc.*, 203 F.3d 714, 721 (10th Cir. 2000)], the Tenth Circuit upheld the district court's finding of no [intentional infliction of emotional distress] claim where the plaintiff had suffered anxiety attacks, received threatening and abusive telephone calls, sought medical care, and began taking a prescription drug for his anxiety." *Id.* "Courts have repeatedly held that the suffering must be extreme or utterly intolerable in a civilized society." *Id.* It must be "distress which is so severe that no reasonable man could be expected to endure it." *Cohlmia*, 448 F. Supp. 2d at 1272 (internal quotation marks omitted).

The Third Amended Complaint does not allege the type of extreme and outrageous conduct that could plausibly support a claim for intentional infliction of emotional distress. It

---

App. 2000) (affirming the trial court's decision that the conduct falls far short of a level of outrageousness necessary to support a cause of action for intentional infliction of emotional distress, where a university had simply failed to consider a former law student's application for readmission after his expulsion); *Warren v. U.S. Specialty Sports Ass'n*, 138 P.3d 580, 586 (Okla. Civ. App. 2006) (trial court did not err in dismissing plaintiff's claim for intentional infliction of emotional distress where a youth sports organization forced a baseball team to forfeit after an official complaint was lodged; publicly calling plaintiffs "cheaters" and accusing them of misrepresenting facts on applications was not extreme and outrageous); *Ishmael v. Andrew*, 137 P.3d 1271 (Okla. Civ. App. 2006) (defendant's public accusations that plaintiff was a "liar" and had intentionally contaminated another's drink was insufficiently outrageous); *Worsham v. Nix,* 83 P.3d 879, 888 (Okla. Civ. App. 2004) (claim by wife against law firm for negligence and fraud causing husband's suicide was not sufficient to state a claim for intentional infliction of emotional distress).

only asserts that Robbins had to turn over his personal financial information to the underlying plaintiffs and appear at a hearing on assets. The Third Amended Complaint suggests that Motorsports, not Robbins individually, had reason for concern, for a brief period of time, that it might be responsible for satisfying a judgment over the policy limits. However, there was no underlying claim against Robbins. This does not rise to the level of being atrocious or utterly intolerable in a civil society.

For example, the Tenth Circuit has specifically rejected a plaintiff's claim that Farmers Insurance had improperly accessed her personal gynecological medical records, finding "it was simply not 'outrageous.'" *Setzer v. Farmers Ins. Co.*, 185 Fed. Appx. 748, 755 (10th Cir. 2006). Likewise, in *Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 942 (10th Cir. 1994), the court rejected a claim of intentional infliction of emotional distress in regard to the adjustment of an insurance claim. There, the plaintiffs asserted that in State Farm's arson investigation of a fire claim the insurance company prevented the sale of their building from being completed, cancelled their insurance policy, discouraged them from hiring a lawyer, would not help them complete their claim forms, refused to return calls or show up for appointments, and damaged their relationships with their neighbors. *Id.* The court held that the allegations "as a matter of law [did] not amount to extreme and outrageous behavior." *Id.* Further, where, as here, a plaintiff bases his claim for intentional infliction of emotional distress upon the same allegations as his failed claim for bad faith, the claim fails as a matter of law. *See Yumukoglu v. Provident Life & Acc. Ins. Co.*, 131 F. Supp. 2d 1215, 1228-29 (D.N.M. 2001); *see also Thompson*, 34 F.3d at 943; *Goodwin v. Old Rep. Ins. Co.*, 828 P.2d 431, 432 n. 1 (Okla. 1992). Robbins' Third Amended Complaint fails to plausibly plead a claim for outrageous conduct as a matter of law.

Moreover, the Third Amended Complaint does not sufficiently plead that Robbins suffered severe emotional distress.[2] Indeed, the Third Amended Complaint merely offers "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" of severe emotional distress, which "do not suffice." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Robbins "does not set forth any facts regarding his mental or emotional state, much less distress which 'is so severe that no reasonable man could be expected to endure it.'" *Cohlmia*, 448 F. Supp. 2d at 1272 (quoting *Meyer*, 162 F.3d at 1275). In conclusion, nothing in the Third Amended Complaint suggests how merely being required to produce financial records or appearing at a hearing on assets could establish the type of extreme distress necessary to state a plausible case for intentional infliction of emotional distress. Consequently, the Court finds Robbins claim for intentional infliction of emotional distress is denied.

Accordingly, Defendant's Motion to Dismiss is granted.

**IT IS SO ORDERED this 3rd day of June, 2011.**

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[2] Plaintiffs insert additional factual allegations in their Response to the Motion to Dismiss, which the Court is not obliged to consider. *See* LCvR 7.1(m); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Nevertheless, even considering these additional allegations, Robbins' claim do not rise to a sufficient level of outrageous conduct or extreme emotional distress to meet the high standard for stating a claim of intentional infliction of emotional distress as a matter of law.